## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SHIRRONDA STEWART | Civil Action No. 2:26-cv-1478 |
| Plaintiff | |
| vs. | **COMPLAINT** |
| | **Jury Trial Demanded** |
| UNITED AIRLINES, INC., ABC CORPS 1-10, JOHN DOES 1-10 | |
| Defendants | |

PLAINTIFF, SHIRRONDA STEWART, residing at 23 Seaview Ave., Jersey City, NJ 07305, by way of Complaint against the above-named Defendants, says as follows:

### THE PARTIES, VENUE AND JURISDICTION

1. Plaintiff, Shirronda Stewart, (hereinafter "SS" or "Plaintiff"), was an employee of Defendant United Airlines, Inc. (hereinafter "UA" or "Defendant"), most recently in the capacity of Ramp Service Lead at Newark-Liberty International Airport, after being hired by Defendant on June 9, 2007, a position for which was qualified to perform as evidenced by the fact that she applied for and was offered said position, accepted same, and performed the duties thereof after participating in Defendant's recruitment and on-boarding process for that duration of time. She is a Black / African-American female U.S.

~ 1 ~

Citizen that suffers from one or more chronic physical and mental health conditions, including, but not limited to: sleep apnea and chronic fatigue syndrome, disabilities which substantially interfere with one or more of her major life activities for which she requires prescription medication, treatment, and the use of medical devises, and she is therefore a member of multiple "protected classes" in accordance with applicable law. She is also a member of the International Association of Machinists and Aerospace Workers (IAMAW) Local 141 labor union.

2. Defendant UA holds itself out to the public as a major commercial airline, with a place of business located at 1 Terminal C, Newark Liberty International Airport, Newark, NJ 07114, and, on information and belief, is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located and headquartered at 233 S. Wacker Dr., Chicago, IL 60606. It is Plaintiff's former employer and is responsible for her damages claimed of herein.

3. Defendant ABC Corps 1-10 are parent/subsidiary/affiliate corporations of Defendant UA whom, as participants in the underlying acts set forth in the Complaint, are responsible for Plaintiff's damages claimed herein.

4. Defendants John Does 1-10 are fictitious designations for persons associated Defendant UA and/or ABC Corps 1-10 whose identities are unknown to Plaintiff at this time, but are responsible for her damages claimed herein as participants in the underlying acts of described in the Complaint.

5. Venue is proper in the U.S. District Court, District of New Jersey (Newark) due to its location in both the County of residence (Hudson County) of Plaintiff as well as

Defendant's place of business (Essex County) where she worked and where the underlying events in this matter took place.

6. Jurisdiction in the U.S. District Court, District of New Jersey (Newark) is proper due to diversity of citizenship of Plaintiff (New Jersey) and Defendant (Delaware/Illinois) pursuant to 28 U.S.C. §1332 as the amount in controversy of this action exceeds $75,000.00 in the aggregate.

## ALLEGATIONS OF FACT

7. Plaintiff performed all responsibilities of her employment faithfully after being hired into her position.

8. In 2021, Plaintiff sought treatment for an exacerbation in her condition of sleep apnea from Dr. Chaudhry Aman, M.D., FFCP, which she received on an outpatient basis. On November 24, 2021, she received the enclosed correspondence from Dr. Aman confirming said treatment and that she was medically cleared to return to work under the condition that she cannot work between the hours of 4AM and 8AM from July 10, 2021 until November 29, 2021, due to a recall of a CPAP machine which Plaintiff was originally prescribed until her condition was under control.

9. The foregoing caused Plaintiff to be absent from work on April 1, 2021, July 16, 2021, August 9, 2021, and August 23, 2021, and caused her to be late to work on August 10, 2021. Plaintiff received correspondence from Defendant dated September 2, 2021 advising that her point total in accordance with Defendant's "Attendance Policy" has

placed her on a "Written Warning," and advised her of her right to participate in the company's "Reasonable Accommodation Process."

10. Thereafter, Plaintiff tested positive for COVID-19 on December 31, 2021, and presented to work when safe to do so, however, experienced extreme fatigue as well as continued difficulties related to the recalled CPAP machine used to treat her sleep apnea.

11. Plaintiff thereafter sought a reasonable accommodation based on her disability in the form of a schedule change and excuses for the absences, and provided Defendant with the correspondence from Dr. Aman. Plaintiff received approval from Defendant for some of her "non-working days" but was not advised as to why other days were not accepted as demonstrated in the attached email dated January 11, 2022.

12. Plaintiff sought treatment with Dr. Angel Lazo, Jr., MD with respect to the above medical issues, who provided her with the enclosed letter dated January 28, 2022 explaining how her disabling medical conditions impacted her work, and Dr. Lazo further recommended that Plaintiff is unable to work 8 hours daily due to her conditions at that time. Plaintiff provided this letter to Defendants.

13. Thereafter, on February 22, 2022, Plaintiff was assigned mandatory overtime by Defendant in error, and recorded absent for it, which resulted in an assessment of 3 (IADT) attendance demerit points to her personnel record. On March 7, 2022, Plaintiff remailed Defendant's "EWR – Attendance" Human Resources email address as well as Rich Maccioli and Sean Rosario and advised of the foregoing.

14. The following day, March 8, 2022, Plaintiff was advised via email by Angelic Arias, Sr. Coordinator – Labor & Dependability of Defendant that mandatory overtime for February 22, 2022 was "still posted" on her "crewsheet" and asked her to clarify what she

meant by it being "rectified," to which Plaintiff responded that she spoke with managers Howard Dunn and Mr. Maccioli on February 22, 2022 regarding the mandatory overtime list that listed her name for overtime, and that she was scheduled to work a "day trade" from 6PM – 6:30PM of another employee's start of their shift, to which both managers agreed that the mandatory overtime was given to Plaintiff in error and that she was released to clock out at 6:30PM, but as a result of this error, she was still assessed 3 attendance demerit points. On March 8, 2022, Arias replied by advising Plaintiff that her "ETA" has been updated.

15. Thereafter, on May 25, 2022, Plaintiff once again advised Defendant via email that she had mandatory overtime in her employment record for May 18, 2022 when she was not notified, and her shift was 12PM to 5PM. Plaintiff further advised that she was given a demerit for May 8, 2022 for mandatory overtime for which she was again not notified, and requested that the error be corrected and that management notify her of mandatory overtime as she was not aware which manager recorded these assignments. Later that day, Mr. Rosario responded to Plaintiff advising that he would notify Resource Planning to determine whether her notifications were active, and if so, if and when she was notified, and advised her to "standby" while they investigated. Thereafter, Carmen Alicea advised Plaintiff and Mr. Rosario that Defendant could confirm that Plaintiff's time card has been updated and that Defendant will review and adjust attendance points accordingly.

16. Thereafter, as of June 10, 2022, when the attendance demerits still had not been removed from Plaintiff's personnel record, Plaintiff notified Defendant's management of same, to which she was advised by Ms. Alicea that "Attendance will review and adjust

accordingly." However, Plaintiff received another email thereafter from Hanna Kowalczuk who advised she did not see "validation" for the attendance demerit to be removed, and asked Plaintiff who approved the same. Thereafter, Nuno Almeida of Defendant advised on June 13, 2022 that he approved the removal of the attendance demerits for the May 8, 2022 mandatory overtime error.

17. However, as of October 7, 2022, Plaintiff received an email from Defendants advising that "discipline is being proposed under the Company's Attendance Policy" in the form of "Termination: 24.5 Attendance points lost," in which Plaintiff received a list of supposed absences that included the errors which were not corrected in Defendant's system. On October 8, 2022, Plaintiff emailed Defendant's attendance team advising of the foregoing, to which she received a response on October 11, 2022 advising that "manager approval needs to be submitted to the Resource Planning Team" for "authorization to leave on mandatory overtime." Plaintiff was further advised that "Occurrences from 2021 have remained in [her] attendance record as they were part of her "point bank freeze" from 9/1/2021 – 12/30/2021, the period of time which she was impacted by her disabilities and required a reasonable accommodation. Plaintiff further advised that she was not aware of a "point freeze." Plaintiff thereafter responded that Almeida gave authorization to correct the mandatory overtime error and that she was still awaiting a response regarding excusing disability related absences.

18. On October 12, 2022, Arias advised Kowalczuk that Plaintiff's personnel record had been "updated," and Plaintiff was advised once again by Arias that her personnel record was updated for May 8, 2022 (once again) as she was excused from "Mandatory overtime,"

and for Plaintiff to "standby" as "we gather more information in reference to your medical condition."

19. However, instead of participating with Plaintiff in a good faith interactive process with respect for her need for a disability accommodation, Plaintiff was instead informed on January 13, 2023 that an "Investigative Review Meeting" was scheduled for February 9, 2023 for the proposed termination of her employment due to absences.

20. Plaintiff continued to be employed by Defendant for a period of over 1 year following the Investigative Review Meeting. However, on February 14, 2024, Defendant sent Plaintiff the enclosed letter advising that her employment was terminated effective as of that date, advising that the medical documentation Plaintiff provided was deemed "insufficient" for the first time, giving her no opportunity to obtain any supplementary documentation from her physicians which the Company deemed necessary to approve her for the reasonable accommodation she requested related to her disability. At no time did Plaintiff receive any other communications from Defendant following the submission of the correspondence from Dr. Aman and Dr. Lazo that same were deemed insufficient for Defendant to approve Plaintiff's need for a disability related reasonable accommodation.

21. Plaintiff's labor union thereafter unsuccessfully attempted to contest the termination of her employment, wherein a "Third Step" grievance meeting was held on September 11, 2024, however, Defendant simply affirmed its decision to terminate Plaintiff's employment, a fact which was not communicated to Plaintiff until February 5, 2025 via the enclosed correspondence.

22. Plaintiff made Defendant UA aware on numerous occasions that she required reasonable accommodations as a result of her disabilities, including changes to her work schedule, as

well as medically excused absences from work, and provided medical documentation in support of same, yet Defendants never properly engaged with Plaintiff in a good faith interactive process with regard to her need for reasonable accommodation for her disabilities. However, on information and belief, in apparent retaliation for Plaintiff communicating her need for said accommodation, Defendant assigned Plaintiff mandatory overtime hours which its management knew or should have known she was unable to work as a result of her disabilities, and cited her for attendance violations, threatening her with termination of her employment while taking a period of months to "correct" the issue, and even after Plaintiff was informed the issue was "corrected," her employment was still terminated.

23. After Defendant advised Plaintiff that it planned to terminate her employment and thereafter, Plaintiff and her union representatives requested that the Company not terminate her employment, but instead issue her a "Termination Warning" so she can continue her career with United "in consideration for [Plaintiff's] fifteen years of service." On information and belief, other similarly situated employees of Defendant have regularly been afforded this treatment in the past when subject to discipline for issues related to attendance, however, this treatment was unfairly denied to Plaintiff on the basis of her race, gender, and/or the nature of her disabling medical conditions.

24. Additionally, on information and belief, Plaintiff was compensated at a rate of compensation less than that of either male employees of UA, or employees not belonging to the same "protected classes" as Plaintiff, for performing substantially the same or similar work during the last six (6) years that she was employed by Defendant, and received unfavorable treatment from Defendant with respect to her compensation and

earning potential as a result of her membership in the identified protected classes set forth in this Complaint.

25. As a result of the actions of the above Defendants, Plaintiff suffered the indignity of being marginalized on the basis of her race, gender, and disabling medical conditions, was denied pay and benefits that she earned and was discriminated against with respect to her compensation, and ultimately, suffered the loss of her employment and income when her employment was terminated, as well as expected loss of future earning potential. Despite her best efforts to mitigate her financial losses as a result of the wrongful termination of her employment, Plaintiff has been unable to do so to date.

26. Plaintiff reserves the right to supplement and/or amend this Complaint to assert additional causes of action against Defendants and other responsible parties in accordance with the Court Rules.

## COUNT ONE – VIOLATION OF THE NEW JERSEY LAW AGAINST DISCRIMINATION, N.J.S.A. 10:5-1 *ET SEQ.*

27. Plaintiff repeats and re-alleges all previous allegations of the Complaint as if fully set forth herein.

28. Plaintiff is a member of one or more "protected classes" under the NJLAD on the basis of her gender (female), race (Black), and as a person with disabilities protected and recognized under the statute (including, but not limited to sleep apnea and chronic fatigue syndrome). Plaintiff further maintains that she was at all times relevant to this action qualified to perform the responsibilities of her former position with Defendant on the

basis of her work experience, which was vetted by Defendant during its recruitment and onboarding processes, and led to its offer of employment to her in a job capacity for which she served for approximately fifteen (15) years prior to the termination of her employment.

29. Defendants treated Plaintiff differently and disparately from its other employees based on her gender, race, and disabilities, denying her treatment that, on information and belief, it had routinely afforded to other employees who had missed time from work due to health and disability related issues that were not members of one or more of the same protected classes as Plaintiff, and acted inconsistently with its own policies. Defendants also failed to provide Plaintiff with reasonable accommodations that she required for her disabilities, including, but not limited to: excused medical related absences and changes to her work schedule, failed to engage in a good faith interactive process with Plaintiff concerning her needs for said reasonable accommodations, and even retaliated against Plaintiff once being apprised of her need for said accommodations related to her disabilities through adverse employment action.

30. Plaintiff made all reasonable efforts to provide medical documentation to Defendant's management in support of her need for reasonable disability related accommodations, and Defendant failed to inform Plaintiff in any timely or reasonable manner that the medical documentation she supplied was insufficient for its consideration, depriving her of any opportunity to obtain supplementary documentation from her health care providers. Defendants thereafter terminated Plaintiff's employment, in apparent retaliation for her having sought reasonable accommodations for her disabilities, which Defendant could and should have afforded to Plaintiff without substantial disruption to its business

operations in accordance with law, and which, on information and belief, were routinely afforded by Defendant to other similarly situated employees who did not belong to the same protected classes as Plaintiff.

31. The actions of the above Defendants constitute violations of the New Jersey Law Against Discrimination ("LAD"), N.J.S.A. 10:5-1 *et seq* to the extent that Plaintiff was unlawfully discriminated against in connection with her employment on the basis of her religion, gender, race and/or national origin on theories of "failure to accommodate," "disparate treatment," and "retaliation" to the extent that Defendants terminated Plaintiff's employment when it would not have done the same for another employee who did not belong to the same protected classes as Plaintiff under the circumstances, and to the extent that they did so only after Plaintiff attempted to assert her rights under law with respect to her situation. Moreover, the actions of Defendant further support a claim based on "disparate impact" to the extent that individuals in the same or similar protected classes as Plaintiff are likely to suffer discrimination similar to Plaintiff should the offending policies and actions of Defendant as described above continue without redress by the Court.

32. As a result of Defendants' actions which culminated in the termination of Plaintiff's employment due to absences related to her disabilities which either should have been excused by way of reasonable accommodation, Plaintiff suffered injury and sickness as well as emotional distress related to injury and sickness from being marginalized on the basis of her gender, race, and disabilities, as well as the loss of her employment income, as well as future employment income prospects and benefits as a result of the loss of her standing and seniority earned through her fifteen (15) years of service to Defendant UA

as an employee, which, despite her best efforts, she has not been able to mitigate to date, and has therefore been damaged.

WHEREFORE Plaintiff demands judgment against all Defendants for compensatory (including, but not limited to: back pay, front pay, and loss of future earning potential) and punitive damages in an amount to be determined at time of trial, and as otherwise provided by law, together with an award of counsel fees pursuant to the NJLAD, costs of suit, and such other relief the Court deems equitable and just, including, but not limited to injunctive relief for an Order reinstating Plaintiff's employment with seniority, as well as the employment of any other similarly situated employee who was discriminated against in the same or similar fashion as Plaintiff by Defendants.

## COUNT TWO - VIOLATION OF THE DIANE B. ALLEN EQUAL PAY ACT
## N.J.S.A. 34:11-56.13

33. Plaintiff repeats and re-allege all allegations of the Complaint as if fully set forth herein.

34. Upon information and belief, during the past six years of time that she was employed with and received income from Defendant, Plaintiff was unlawfully compensated at a rate of pay that was less than that paid by Defendant UA to one or more of its employees who were either male, or otherwise not members of the same "protected classes" as Plaintiff (gender, race, and disabilities) for performance of the same or substantially similar work for the period of time covered under the Diane B. Allen Equal Pay Act, N.J.S.A. 34:11-56.13 & N.J.S.A. 10:5-12(t), in contravention of same, and she was therefore unlawfully

~ 12 ~

discriminated against with respect to her compensation as a direct and proximate result of her membership in the above-identified "protected classes." Plaintiff was also denied other compensation, income and benefits, including, but not limited to: overtime, stipends, and expense reimbursements that were afforded by Defendants to other employees who were not members of the same "protected classes" as Plaintiff as a result of her membership in the applicable protected classes.

35. As a direct and proximate result of the foregoing, Plaintiff has been damaged.

WHEREFORE Plaintiff demands judgment against all Defendants jointly, severally, and in the alternative for compensatory damages, punitive damages, and treble damages pursuant to N.J.S.A. 34:11-56.13 & N.J.S.A. 10:5-12(t) and as otherwise provided by law, together with counsel fees, costs of suit, and such other relief the Court deems appropriate.

Date: February 13, 2026                    Respectfully submitted,

                                           /s/ Daryl Kipnis (SBN 023812006)
                                           daryl@kipnislawoffices.com
                                           KIPNIS LAW OFFICES
                                           125 Half Mile Road, Suite 200
                                           Red Bank, NJ 07701
                                           Telephone: (732) 595-5298
                                           Fax: (732) 412-7925
                                           Attorney for Plaintiff

## **DEMAND FOR TRIAL BY JURY**

Plaintiff hereby demands trial by jury on all issues so triable pursuant to FRCP 38

Date: February 13, 2026                    Respectfully submitted,

                                           /s/ Daryl Kipnis (SBN 023812006)
                                           daryl@kipnislawoffices.com
                                           KIPNIS LAW OFFICES
                                           125 Half Mile Road, Suite 200
                                           Red Bank, NJ 07701
                                           Telephone: (732) 595-5298
                                           Fax: (732) 412-7925
                                           Attorney for Plaintiff

**CHAUDHRY AMAN,**
**M.D., FCCP**
142 Palisade Ave, Suite 102
JERSEY CITY, NJ 07306

November 24, 2021

To Whom It May Concern,

This correspondence is in reference to Shirronda Stewart. She is being treated at our facility on an outpatient basis for the condition of sleep apnea. She has been instructed she was able to return to work under the condition that she will not work between the hours of 0400 and 0800 from 7/10/2021 until 11/29/2021. This accommodation was due to a recall on a CPAP machine she was originally prescribed, until her condition was under control. Please feel free to contact our office with any questions or concerns.

Sincerely,

Dr. Chaudhry Aman



## INTERNAL MEDICINE

**ANGEL LAZO JR., MD**
**142 PALISADE AVE SUITE 219**
**JERSEY CITY, NJ 07306**
**Tel:(201) 918-5708**
**Fax : (201) 865-3207**

January, 28,2022

Please accept this letter as formal excuse to work for the patient name Shirronda L. Stewart DOB 07/04/1988. Ms. Stewart acquired COVID-19 infection on December 31 and since then, was subsequently still presenting to work and was having difficulty due to extreme fatigue and also issues with her CPAP machine to treat her sleep apnea. it is my recommendation Ms.Stewart Shirronda  can not work 8 hours daily due to her medical conditions, if future information is require please do not hesitate to call us back thank you

Att: Angel Lazo Jr.,MD



# NOTIFICATION

# INVESTIGATIVE REVIEW MEETING
# (IRM)

**To:** Shirronda Stewart U247381                                                    **Date:** 1/31/2023

**Union Representative:** Karl Thomas, Faysal Silwany and Will Josey, IAM Committee Representatives

**From:** Hanna Kowalczuk, Assistant Manager HUB Dependability

**You are advised that an Investigative Review Meeting (IRM) has been coordinated and scheduled as follows:**

      **Place: Labor & Dependability Conference Room, Upper Level, by Finance Department**

      **Date:** Thursday, February 9th, 2023 - MANDATORY

      **Time:** 1100 AM EST

      **Hearing Officer:** Annette Gadson

      **Reason for IRM:**   X   **Proposed Termination** _____ **Proposed Loss of Pay**

**The purpose of this hearing is to review the circumstances of your proposed termination or loss of pay for violation of Company Policies and/or failure to meet job expectations as follows:**

The Company is proposing the termination of your employment as a result of your failure to maintain an acceptable level of dependability. Specifically, you have violated the Company's Attendance Policy for Fleet Service Employees through continued absenteeism and the exhaustion of the points in your Dependability Points Bank.

Working Together Guidelines – Dependability: "Employees' regular and predictable attendance is an essential function of every job and is extremely important to our collective success…If an employee's attendance level becomes unacceptable, his/her supervisor will discuss expectations and potential ramifications for failing to reach and maintain an acceptable level of dependability."

On October 14th, 2021, United issued you a Termination Warning level of discipline because your Dependability Points Bank reached negative two (-2.0) points. Since receiving the Termination Warning, you have incurred twenty-two (22) additional attendance infractions: half (0.5) point deduction for a minor tardy on November 18, 2021; half (0.5) point deduction for a minor tardy on November 23, 2021; one (1.0) point deduction for a minor tardy on November 24, 2021; one (1.0) point deduction for a minor tardy on November 25, 2021; one (1) point deduction for a personal absence on November 29, 2021; one (1) point deduction for a personal absence on December 5, 2021; half (0.5) point deduction for a minor tardy on December 8, 2021; one (1.0) point deduction for a minor tardy on December 14, 2021; one (1.0)

point deduction for a minor tardy on December 15, 2021; one (1) point deduction for a personal absence on December 21, 2021; half (0.5) point deduction for a minor tardy on January 3, 2022; half (0.5) point deduction for a minor tardy on January 4, 2022; half (0.5) point deduction for a minor tardy on January 5, 2022; half (0.5) point deduction for a minor tardy on March 1, 2022; one (1) point deduction for a personal absence on April 6, 2022; one (1) point deduction for a personal absence on May 25, 2022; one (1) point deduction for a personal absence on May 29, 2022; one (1) point deduction for a personal absence on June 19, 2022; half (0.5) point deduction for a minor tardy on July 24, 2022; one (1) point deduction for a personal absence on July 28, 2022; half (0.5) point deduction for a minor tardy on September 4, 2022; one (1) point deduction for a personal absence on December 6, 2022, bringing your Dependability Points Bank balance to a negative nineteen and a half (-19.5) points, or Termination level of discipline as provided below.

| DATE | OCCURRENCE TYPE | POINT DEDUCTION | POINTS LEVEL AFTER DEDUCTION |
|------|-----------------|-----------------|------------------------------|
| 2021-04-01 | Personal Absence (Self) (1 Day) | 1.0 | 6.0 |
| 2021-05-22 | Personal Absence (Self) (10 Days) | 1.0 | 5.0 |
| 2021-07-16 | Personal Absence (Reported Late) (Self) (4 Days) | 2.0 | 3.0 |
| 2021-08-09 | Personal Absence (Self) (8 Days) | 1.0 | 2.0 |
| 2021-08-10 | Late (Duration: 1 hour 43 minutes) | 0.5 | 1.5 |
| 2021-08-23 | Personal Absence (Self) (8 Days) | 1.0 | 0.5 |
| 2021-09-01 | Late (Duration: 1 hour 20 minutes) | 0.5 | 0 |
| 2021-09-26 | Personal Absence (Self) (2 Days) | 1.0 | -1.0 |
| 2021-10-07 | Late (Duration: 1 hour 20 minutes) | 0.5 | -1.5 |
| 2021-10-08 | Late (Duration: 20 minutes) | 0.5 | -2.0 |
| 2021-11-18 | Late (Duration: 1 minute) | 0.5 | -2.5 |
| 2021-11-23 | Late (Duration: 5 minutes) | 0.5 | -3.0 |
| 2021-11-24 | Late (Duration: 2 hours 21 minutes) | 1.0 | -4.0 |
| 2021-11-25 | Late (Duration: 2 hours 32 minutes) | 1.0 | -5.0 |
| 2021-11-29 | Personal Absence (Self) (1 Day) | 1.0 | -6.0 |
| 2021-12-05 | Personal Absence (Self) (1 Day) | 1.0 | -7.0 |
| 2021-12-08 | Late (Duration: 1 minute) | 0.5 | -7.5 |
| 2021-12-14 | Late (Duration: 2 hours 14 minutes) | 1.0 | -8.5 |
| 2021-12-15 | Late (Duration: 3 hours 17 minutes) | 1.0 | -9.5 |
| 2021-12-21 | Personal Absence (Self) (2 Days) | 1.0 | -10.5 |
| 2022-01-03 | Late (Duration: 3 minutes) | 0.5 | -11.0 |
| 2022-01-04 | Late (Duration: 2 minutes) | 0.5 | -11.5 |
| 2022-01-05 | Late (Duration: 2 minutes) | 0.5 | -12.0 |
| 2022-03-01 | Late (Duration: 6 minutes) | 0.5 | -12.5 |
| 2022-04-06 | Personal Absence (Self) (1 Day) | 1.0 | -13.5 |
| 2022-05-25 | Personal Absence (Self) (2 Days) | 1.0 | -14.5 |
| 2022-05-29 | Personal Absence (Self) (2 Days) | 1.0 | -15.5 |
| 2022-06-19 | Personal Absence (Self) (1 Day) | 1.0 | -16.5 |
| 2022-07-24 | Late (Duration: 1 hour 28 minutes) | 0.5 | -17.0 |
| 2022-07-28 | Personal Absence (Self) (1 Day) | 1.0 | -18.0 |
| 2022-09-04 | Late (Duration: 51 minutes) | 0.5 | -18.5 |
| 2022-12-06 | Personal Absence (Self) (3 Days) | 1.0 | -19.5 |

Your failure to maintain an acceptable level of dependability violated the Company's Attendance Policy for Fleet Service Employees through continued absenteeism and the exhaustion of the points in your Dependability Points Bank. You also violated the Working Together Guidelines related to Dependability, which provide:

"Do whatever you can to make regular, predictable attendance part of your role. An irregular, unpredictable attendance level gets in the way of your job performance and our overall success."

The Company is proposing termination of your employment for the violations described above. The outcome of this Investigative Review Meeting will determine the appropriateness of these charges.

*This document will serve as notice of precise charges. "At least 72 hours (excluding Saturdays, Sundays, and Holidays) before the hearing the Company and the Union will provide to each other copies of documents or records upon which they intend to rely at the hearing." You have been afforded the contractual provisions as defined in Article 9.A.5 of the CBA.*

_____
**Signature**

Cc: *IAM Local Committee*
    *Location Leadership*
    *Employee File # u247381*

**You have been afforded the contractually required provisions as described below:**

**Article 9.A    Investigations**

5. No employee will be disciplined to the extent of loss of pay (other than for insubordination, job abandonment or failure to attend a scheduled investigatory meeting) or discharged from employment without a prompt, fair and impartial investigative hearing at which he may be represented and assisted by Union Representatives. Prior to the hearing, the Company will give the Union and employee copies of any previous disciplinary action letters which are to be considered, and the Company will advise the Union in writing of the precise charges against the employee. The Union and employee will have at least 72 hours advance notice (excluding Saturdays, Sundays, and Holidays) prior to any disciplinary hearing, and at least 72 hours (excluding Saturdays, Sundays, and Holidays) before the hearing the Company and the Union will provide to each other copies of documents or records upon which they intend to rely at the hearing. Any appeals of discipline imposed as a result of the investigative review hearing will be made directly to Step 3 of the grievance procedure using the rules and time limits, which apply to that Step.



# PROPOSED TERMINATION

## Shirronda Stewart U247381

- Termination Warning Letter
- Written Warning Letter
- Verbal Warning Letter
- Eta FMLA Hours Worked Report
- New Jersey Paid Sick Leave (NJ PSL) tracking record
- Courtesy email/s sent to employee
- Employees Profile from MTB containing contact information
- Attendance Policy Passenger Service, Fleet Services, Storekeepers
- Attendance Q&A Passenger Service, Fleet Services, Storekeepers

| Termination Warning Letter | 2023 |
| --- | --- |

| Written Warning Letter | 2023 |



US MAIL

September 2, 2021

Shirronda Stewart
23 Seaview Ave
Jersey City, NJ 07305

Location:     EWRCG
Empl ID:      u247381

**RE:  Written Warning**

Dear Shirronda:

This letter is to advise you that your point total in accordance with the Attendance Policy has reached **at least 2.0 points,** which places you on a Written Warning.  If you have any questions or concerns regarding your current attendance calendar, please contact your supervisor immediately.

During the last 12 months you have accrued the following point assessments:

1.0 Personal Absence 2021-08-23
0.5 Late 2021-08-10
1.0 Personal Absence 2021-08-09
2.0 Late Reported Personal Absence 2021-07-16
1.0 Personal Absence 2021-04-01


If either you or a family member is experiencing a serious health condition, you may qualify for FMLA.  In addition, if you would like to participate in the company offered Reasonable Accommodation Process, please contact the Employee Service Center for details at 877-UAL-ESC9 (877-825-3729).

Please be advised that the Employee Assistance Program (EAP) is available 24 hours a day at 844-327-9990.  If I, or any other member of management, can be of assistance in helping you correct your dependability please contact us.


Sincerely,


Airport Operation Management


CC:     Personnel file

| | Verbal Warning Letter | 2023 |
| --- | --- | --- |



US MAIL

August 13, 2021

Shirronda Stewart
23 Seaview Ave
Jersey City, NJ 07305

Location:    EWRCG
Empl ID:     u247381

**Subject:  Documented Verbal Warning**

Dear Shirronda:

This letter is to advise you that your point total in accordance with the Attendance Policy has reached **at least 3.5 points**, which places you on a Documented Verbal Warning.  If you have any questions or concerns regarding your current attendance calendar, please contact your supervisor immediately.

During the last 12 months you have accrued the following point assessments:

1.0 Personal Absence 2021-08-09
2.0 Late Reported Personal Absence 2021-07-16
1.0 Personal Absence 2021-04-01

If either you or a family member is experiencing a serious health condition, you may qualify for FMLA.  In addition, if you would like to participate in the company offered Reasonable Accommodation Process, please contact the Employee Service Center for details at 877-UAL-ESC9 (877-825-3729).

Please be advised that the Employee Assistance Program (EAP) is available 24 hours a day at 844-327-9990.  If I, or any other member of management, can be of assistance in helping you correct your dependability please contact us.

Sincerely,


Airport Operation Management


CC:    Personnel file

| | eTA FMLA Hours Worked Report | 2023 |
|---|---|---|

**Status and Hours for Employee : Stewart , Shirronda [247381] R From 1-FEB-2022 to 31-JAN-2023**

**Company Addr Code : EWRCG**

**Employee Sick Leave and Eligibility Hours**

| | |
|---|---|
| **Non-Occupational Sick Leave Balance** | **19.23 hrs** |
| **Occupational Sick Leave Balance** | **809.07 hrs** |
| **Occ/Non-Occ Effective Date** | **2023-01-30** |
| **FMLA Eligibility Hours** | **930.93 hrs** |
| **FMLA Eligibility Effective Date** | **2023-01-30** |

**Federal FML Usage Hours**     **State FML Usage Hours**

| NO FEDERAL FML USAGE | | NO STATE FML USAGE | |
|---|---|---|---|
| Total Federal Usage | 0.0 hrs | Total State Usage | 0.0 hrs |

| Total Combined Usage | 0.0 hrs |
|---|---|

| Total Pregnancy Leave Usage (applicable for California locations only) | 0.0 hrs |
|---|---|

[ Close ]     [ Print ]

*Source System:* eTA Web Service -Airport Ops

| NJ Earned Sick Leave/Protected State Sick Leave tracking record | 2023 |



**Interval Occurrences by Employee w/Prompts for Codes**

| Interval Occurrences by Employee w/Prompts for Codes | Employee ID: 247381 |
|---|---|
| | Employee Name: Stewart, Shirronda |

From: 1/1/2022    To: 1/31/2023

Interval Code(s):    SKPS

**7132**

| Date | Emp # | Employee Name | Intval Code & | Description | Hours | Sched Start | Actual Start | Sched End | Actual End | Minutes Late |
|---|---|---|---|---|---|---|---|---|---|---|
| **SKPS** | | | | | | | | | | |
| 03/13/22 | 247381 | Stewart, Shirronda | SKPS | Sick Paid State | 4.50 | 12:00 pm | | 05:00 pm | | |
| 03/14/22 | 247381 | Stewart, Shirronda | SKPS | Sick Paid State | 1.75 | 12:00 pm | 11:52 am | 09:00 pm | 03:20 pm | -8 |
| 04/03/22 | 247381 | Stewart, Shirronda | SKPS | Sick Paid State | 0.50 | 12:00 pm | 11:59 am | 05:00 pm | 04:30 pm | -1 |
| 05/18/22 | 247381 | Stewart, Shirronda | SKPS | Sick Paid State | 3.00 | 12:00 pm | 11:59 am | 09:00 pm | 02:00 pm | -1 |
| 07/16/22 | 247381 | Stewart, Shirronda | SKPS | Sick Paid State | 6.00 | 06:00 am | | 12:30 pm | | |
| 11/30/22 | 247381 | Stewart, Shirronda | SKPS | Sick Paid State | 5.00 | 08:00 pm | | 01:00 am | | |
| 12/01/22 | 247381 | Stewart, Shirronda | SKPS | Sick Paid State | 5.00 | 08:00 pm | | 01:00 am | | |
| 7132 | | Stewart, Shirronda | | Total Hours for Code SKPS | 25.75 | | | | | |
| | | | Total Hours for Cost Center 7132 | 25.75 | | | | | | |

| | | |
|---|---|---|
| Total Hours for Report | 25.75 | |
| Total Lates ( all categories) | 0 |

| | Courtesy email/s sent to employee | 2023 |

## EWR - Attendance

| | |
|---|---|
| **From:** | Stewart, Shirronda |
| **Sent:** | Wednesday, October 12, 2022 9:46 AM |
| **To:** | EWR - Attendance |
| **Cc:** | Thomas, Karl; Karl Thomas - IAM Leaders; Silwany, Faysal; Josey, Will; Kowalczuk, Hanna; Castillo, Eva; Villafane, Maritza |
| **Subject:** | Re: Response Required - Proposal for IRM Termination: EWRCG Shirronda Stewart U247381 |

Good Morning Angelic,

Thank you for the quick response!

**From:** EWR - Attendance <EWRAttendance@united.com>
**Sent:** Wednesday, October 12, 2022 9:18
**To:** Stewart, Shirronda <Shirronda.Stewart@united.com>
**Cc:** Thomas, Karl <karl.thomas@united.com>; Karl Thomas - IAM Leaders <Kothomas2869@gmail.com>; Silwany, Faysal <Faysal.Silwany@united.com>; Josey, Will <Will.Josey@united.com>; Kowalczuk, Hanna <hanna.kowalczuk@united.com>; Castillo, Eva <eva.castillo@united.com>; Villafane, Maritza <maritza.villafane@united.com>
**Subject:** RE: Response Required - Proposal for IRM Termination: EWRCG Shirronda Stewart U247381

Good morning Shirronda,

ETA has been updated for 5/8/2022 – excused from Mandatory overtime.

Please standby as we gather more information in reference to your medical condition.

Thanks,
*Angelic Arias*
Sr. Coordinator  - Labor & Dependability
*United Airlines | Newark Liberty International Airport*
P: 973-681-**1442**

**From:** Stewart, Shirronda <Shirronda.Stewart@united.com>
**Sent:** Tuesday, October 11, 2022 3:18 PM
**To:** EWR - Attendance <EWRAttendance@united.com>
**Cc:** Thomas, Karl <karl.thomas@united.com>; Karl Thomas - IAM Leaders <Kothomas2869@gmail.com>; Silwany, Faysal <Faysal.Silwany@united.com>; Josey, Will <Will.Josey@united.com>; Kowalczuk, Hanna <hanna.kowalczuk@united.com>; Castillo, Eva <eva.castillo@united.com>; Villafane, Maritza <maritza.villafane@united.com>
**Subject:** Re: Response Required - Proposal for IRM Termination: EWRCG Shirronda Stewart U247381

Hi Ewr Attendance,

Thank you for responding. The email for the points added to my attendance due to the mandatory overtime error was sent on June 13, 2022 by Nuno. I also sent the screenshots of the emails to this group email.

I wasn't unaware of a point freeze from (09/01/2021-12/31/2021). I'm still waiting for a response from documentation that was emailed in response to my attendance points due to my medical condition during the time I was still forced to work a shift that conflicted with my condition in addition to the mandatory overtime that increased my schedule and fatigue. This is the first email I received in regard to my attendance since the medical documents was sent.

If you aren't able to retrieve the email I can resubmit to this group email.

Thank you,
Shirronda


**From:** EWR - Attendance <EWRAttendance@united.com>
**Sent:** Tuesday, October 11, 2022 13:48
**To:** Stewart, Shirronda <Shirronda.Stewart@united.com>
**Cc:** Thomas, Karl <karl.thomas@united.com>; Karl Thomas - IAM Leaders <Kothomas2869@gmail.com>; Silwany, Faysal <Faysal.Silwany@united.com>; Josey, Will <Will.Josey@united.com>; Kowalczuk, Hanna <hanna.kowalczuk@united.com>; Castillo, Eva <eva.castillo@united.com>; Villafane, Maritza <maritza.villafane@united.com>
**Subject:** RE: Response Required - Proposal for IRM Termination: EWRCG Shirronda Stewart U247381

Hi Shirronda,

Thanks for your email. If you were given authorization to leave on mandatory overtime, manager approval needs to be submitted to the Resource Planning team for process.
Once ETA has been updated by RP Team, we will adjust your points accordingly.

Occurrences from 2021 have remained in your attendance record as they were part of your point bank freeze (9/1/2021-12/30/2021). During your freeze, you had additional loss of points that kept you in IRM level. No point roll over will occur during this period.
The below attendance record remains unless you have any pre-approved exceptions pending to be processed.

Regards,
**Attendance/Dependability Office**
United | Newark Liberty International Airport
1 Terminal C | Newark, NJ 07114
Tel 973.681.1442 | ewrattendance@united.com


**From:** Stewart, Shirronda <Shirronda.Stewart@united.com>
**Sent:** Saturday, October 8, 2022 10:19 AM
**To:** EWR - Attendance <EWRAttendance@united.com>
**Cc:** Thomas, Karl <karl.thomas@united.com>; Karl Thomas - IAM Leaders <Kothomas2869@gmail.com>; Silwany, Faysal <Faysal.Silwany@united.com>; Josey, Will <Will.Josey@united.com>; Kowalczuk, Hanna <hanna.kowalczuk@united.com>; Castillo, Eva <eva.castillo@united.com>; Villafane, Maritza <maritza.villafane@united.com>
**Subject:** Re: Response Required - Proposal for IRM Termination: EWRCG Shirronda Stewart U247381

Hello Attendance Team,

Attached is email confirmation of mandatory overtime point of 05/08/22 done in error. Please update attendance accordingly.

Thank you,
Shirronda

---

**From:** Stewart, Shirronda <Shirronda.Stewart@united.com>
**Sent:** Saturday, October 8, 2022 9:41
**To:** EWR - Attendance <EWRAttendance@united.com>
**Cc:** Thomas, Karl <karl.thomas@united.com>; Karl Thomas - IAM Leaders <Kothomas2869@gmail.com>; Silwany, Faysal <Faysal.Silwany@united.com>; Josey, Will <Will.Josey@united.com>; Kowalczuk, Hanna <hanna.kowalczuk@united.com>; Castillo, Eva <eva.castillo@united.com>; Villafane, Maritza <maritza.villafane@united.com>
**Subject:** Re: Response Required - Proposal for IRM Termination: EWRCG Shirronda Stewart U247381

Hello Attendance Team,

The attendance record that you emailed me has errors. The dates of occurrences are passed one year. Also the mandatory overtime that acquired 3 points should have been corrected and removed in May of 2022. I forwarded the email yesterday but will attach it to this email next. Please adjust the attendance record to its current status.

Thank you,
Shirronda

---

**From:** EWR - Attendance <EWRAttendance@united.com>
**Sent:** Friday, October 7, 2022 10:16
**To:** Stewart, Shirronda <Shirronda.Stewart@united.com>
**Cc:** Thomas, Karl <karl.thomas@united.com>; Karl Thomas - IAM Leaders <Kothomas2869@gmail.com>; Silwany, Faysal <Faysal.Silwany@united.com>; Josey, Will <Will.Josey@united.com>; Kowalczuk, Hanna <hanna.kowalczuk@united.com>; Castillo, Eva <eva.castillo@united.com>; Villafane, Maritza <maritza.villafane@united.com>
**Subject:** Response Required - Proposal for IRM Termination: EWRCG Shirronda Stewart U247381

Good morning,

Please be advised that your dependability record is under review: discipline is being proposed under Company's Attendance Policy for: **Termination, 24.5 Attendance points lost;**

**Termination Warning conducted on October 14th, 2021**

0.5 Late (Duration: 51 minutes) (LT)
1.0 Personal Absence (Self) (1 Day) (SKU) 2022-07-28
0.5 Late (Duration: 1 hour 28 minutes) (LT) 2022-07-24
1.0 Personal Absence (Self) (1 Day) (SKP) 2022-06-19
1.0 Personal Absence (Self) (1 Day) (SKP) 2022-05-29
1.0 Personal Absence (Self) (1 Day) (SKU) 2022-05-25
3.0 Early Exit on Mandatory Overtime W/out Notification & W/out Approval (1700-2100) (IADT) 2022-05-08
1.0 Personal Absence (Self) (1 Day) (SKP)  2022-04-06
0.5 Late (Duration: 6 minutes) (LO) 2022-03-01
0.5 Late (Duration: 2 minutes) (LT) 2022-01-05

0.5 Late (Duration: 2 minutes) (LT)2022-01-04
0.5 Late (Duration: 3 minutes) (LT) 2022-01-03
1.0 Personal Absence (Self) (2 Days) (SKP/SKU)  2021-12-21
1.0 Late (Duration: 3:17 hours) (LT) 2021-12-15
1.0 Late (Duration: 2:14 hours) (LT) 2021-12-14
0.5 Late (Duration: 1 minute) (LT) 2021-12-08
1.0 Personal Absence (Self) (1 Day) (SKP)2021-12-05
1.0 Personal Absence (Self) (1 Day) (SKP) 2021-11-29
1.0 Late (Duration: 2:32 hours) (LT) 2021-11-25
1.0 Late (Duration: 2:21 hours) (LT)  2021-11-24
0.5 Late (Duration: 5 minutes) (LT) 2021-11-23
0.5 Late (Duration: 1 minute) (LT) 2021-11-18
0.5 Late (Duration: 20 minutes) (LT) 2021-10-08
0.5 Late (Duration: 69 minutes) (LT) 2021-10-07
1.0 Personal Absence (Self) (2 days) (SKP/SKU) 2021-09-26
0.5 Late (Duration: 80 minutes) (LT) 2021-09-01
1.0 Personal Absence (Self) (8 days) (SKU) 2021-08-23
0.5 Late (Duration: 103 minutes) (LT) 2021-08-10
1.0 Personal Absence (Self) (7 days) (SKU) 2021-08-09
2.0 Late Reported Personal Absence (Self) (5 days) (SKPS/LTNC/SKU) 2021-07-16
1.0 Personal Absence (Self) (10 days) (SKP/SKU) 2021-05-22
1.0 Personal Absence (Self) (5 days) (SKP/SKU) 2021-04-01

Please advise if you have pre-approved exceptions that you failed to submit via Exception App or FML case number that was not applied.
If no update is received by 5pm on October 10th, 2022, we will proceed with proposal for IRM termination.

Thanks,
**Attendance/Dependability Office**
United | Newark Liberty International Airport
1 Terminal C | Newark, NJ 07114
Tel 973.681.1442 | ewrattendance@united.com

## EWR - Attendance

| | |
|---|---|
| **From:** | EWR - Attendance |
| **Sent:** | Wednesday, October 12, 2022 9:09 AM |
| **To:** | Kowalczuk, Hanna |
| **Subject:** | RE: Mandatory overtime error on 5/8/22 |

GM,

ETA has been updated.

Thanks,
Angelic Arias
Sr. Coordinator  - Labor & Dependability
*United Airlines | Newark Liberty International Airport*
P: 973-681-**1442**

**From:** Kowalczuk, Hanna <hanna.kowalczuk@united.com>
**Sent:** Tuesday, October 11, 2022 4:49 PM
**To:** EWR - Attendance <EWRAttendance@united.com>
**Subject:** FW: Mandatory overtime error on 5/8/22
**Importance:** High

Team,

Can you  please process this for Shirronda.

Thank you
Hanna

**Hanna Kowalczuk**
Asst Mrg- HUB Dependability

United | Newark Liberty International Airport | Newark, NJ 07114
Tel 973 681 1803 | hanna.kowalczuk@united.com

**From:** Kowalczuk, Hanna <hanna.kowalczuk@united.com>
**Sent:** Sunday, June 26, 2022 11:41 AM
**To:** Stewart, Shirronda <Shirronda.Stewart@united.com>; EWR - Attendance <EWRAttendance@united.com>
**Cc:** Almeida, Nuno <Nuno.Almeida@united.com>
**Subject:** Re: Mandatory overtime error on 5/8/22

Thank you, Shirronda.

1

Team,
Please process this.

Thank you
Hanna

---

**From:** Stewart, Shirronda <Shirronda.Stewart@united.com>
**Sent:** Sunday, June 26, 2022 6:44 AM
**To:** Kowalczuk, Hanna <hanna.kowalczuk@united.com>; EWR - Attendance <EWRAttendance@united.com>
**Cc:** Almeida, Nuno <Nuno.Almeida@united.com>
**Subject:** Fw: Mandatory overtime error on 5/8/22

Hi Hanna,

I forwarded the approval of the mandatory overtime error for 5/8/22.

Thanks,
Shirronda

---

**From:** Almeida, Nuno <Nuno.Almeida@united.com>
**Sent:** Monday, June 13, 2022 12:52
**To:** Stewart, Shirronda <Shirronda.Stewart@united.com>; Kowalczuk, Hanna <hanna.kowalczuk@united.com>
**Subject:** RE: Mandatory overtime error

Approve.

Thanks,
Nuno

---

**From:** Stewart, Shirronda <Shirronda.Stewart@united.com>
**Sent:** Monday, June 13, 2022 12:35 PM
**To:** Almeida, Nuno <Nuno.Almeida@united.com>
**Subject:** Fw: Mandatory overtime error

---

**From:** Kowalczuk, Hanna <hanna.kowalczuk@united.com>
**Sent:** Friday, June 10, 2022 17:25
**To:** Stewart, Shirronda <Shirronda.Stewart@united.com>; Alicea, Carmen <carmen.alicea@united.com>; Rosario, Sean <sean.rosario@united.com>; EWR - Attendance <EWRAttendance@united.com>; Jean, Alan <alan.jean@united.com>; Maccioli, Rich <rich.maccioli@united.com>
**Cc:** EWR - Resource Planning Team <EWR-ResourcePlanningTeam@united.com>; EWR - RP Leadership <EWR-RPLeadership@united.com>
**Subject:** RE: Mandatory overtime error

Good Afternoon,

Shirronda,

Eta has not been update hence the reason 05/08 infraction still shows on your attend record.

2

I do not see validation for the IADT to be removed – please advise who is the approver. Once received we will process accordingly.


Thank you
Hanna Kowalczuk

Employee Daily Activity

| Selection | Summary | Detail | Pay Period |

( Absence ) ( Monthly Schedule )

**Detail Information:**     Stewart,Shirronda(247381) on Sunday 05/08/2022          24hrs: 12:00

⊞ **Previous Day 5/7/2022(Actual)**

⊟ **Current Day 05/08/2022(Actual)** ( Planned ) ( Actual ) ( Schedule Adjust ) ( Notes ) ( Punch ) ( Save )

| FML | MAPC | Err | Xfr | Type | Start | End | Hours | Hrs Pd | Position | Work Group 1 |
|-----|------|-----|-----|------|-------|-----|-------|--------|----------|--------------|
| N | | | | EE | 11:59 | 12:00 | 00:01 | 00:00 | 355125 | EWR BTW PLANESIDE T |
| N | | | | SW | 12:00 | 17:00 | 05:00 | 05:00 | 355125 | EWR BTW PLANESIDE T |
| N | | | | IADT | 17:00 | 21:00 | 04:00 | 00:00 | 355125 | EWR BTW PLANESIDE T |
| | | | | | | Total: | 09:01 | 05:00 | | |

⊞ **Next Day 5/9/2022(Actual)**

**From:** Stewart, Shirronda <Shirronda.Stewart@united.com>
**Sent:** Friday, June 10, 2022 5:01 PM
**To:** Alicea, Carmen <carmen.alicea@united.com>; Rosario, Sean <sean.rosario@united.com>; EWR - Attendance <EWRAttendance@united.com>; Jean, Alan <alan.jean@united.com>; Maccioli, Rich <rich.maccioli@united.com>
**Cc:** EWR - Resource Planning Team <EWR-ResourcePlanningTeam@united.com>; EWR - RP Leadership <EWR-RPLeadership@united.com>
**Subject:** Re: Mandatory overtime error

Thank you for the quick response!

---

**From:** Alicea, Carmen <carmen.alicea@united.com>
**Sent:** Friday, June 10, 2022 10:50
**To:** Stewart, Shirronda <Shirronda.Stewart@united.com>; Rosario, Sean <sean.rosario@united.com>; EWR - Attendance <EWRAttendance@united.com>; Jean, Alan <alan.jean@united.com>; Maccioli, Rich <rich.maccioli@united.com>
**Cc:** EWR - Resource Planning Team <EWR-ResourcePlanningTeam@united.com>; EWR - RP Leadership <EWR-RPLeadership@united.com>
**Subject:** RE: Mandatory overtime error

Shirronda,

Attendance will review and adjust accordingly.

Thanks for your patience.

Regards,

**Carmen Alicea**
Supervisor-Hub Resource Planning
United | Newark Liberty International Airport
Tel 973 681-0660 | Carmen.Alicea@united.com

**From:** Stewart, Shirronda <Shirronda.Stewart@united.com>
**Sent:** Friday, June 10, 2022 8:10 AM
**To:** Alicea, Carmen <carmen.alicea@united.com>; Rosario, Sean <sean.rosario@united.com>; EWR - Attendance <EWRAttendance@united.com>; Jean, Alan <alan.jean@united.com>; Maccioli, Rich <rich.maccioli@united.com>
**Cc:** EWR - Resource Planning Team <EWR-ResourcePlanningTeam@united.com>; EWR - RP Leadership <EWR-RPLeadership@united.com>
**Subject:** Re: Mandatory overtime error

Hi Carmen,

Can you check my attendance for 5/8/22 mandatory error? The points haven't been removed yet.

Thanks,
Shirronda

---

**From:** Alicea, Carmen <carmen.alicea@united.com>
**Sent:** Wednesday, May 25, 2022 18:09
**To:** Rosario, Sean <sean.rosario@united.com>; Stewart, Shirronda <Shirronda.Stewart@united.com>; EWR - Attendance <EWRAttendance@united.com>; Jean, Alan <alan.jean@united.com>; Maccioli, Rich <rich.maccioli@united.com>
**Cc:** EWR - Resource Planning Team <EWR-ResourcePlanningTeam@united.com>; EWR - RP Leadership <EWR-RPLeadership@united.com>
**Subject:** RE: Mandatory overtime error

Sean,

I don't need to pull the list as I can confirm her time card has been updated.

Attendance- will review and adjust points accordingly.

Thanks,
**Carmen Alicea**
Supervisor-Hub Resource Planning
United | Newark Liberty International Airport
Tel 973 681-0660 | Carmen.Alicea@united.com

**From:** Rosario, Sean <sean.rosario@united.com>
**Sent:** Wednesday, May 25, 2022 6:06 PM
**To:** Stewart, Shirronda <Shirronda.Stewart@united.com>; EWR - Attendance <EWRAttendance@united.com>; Jean, Alan <alan.jean@united.com>; Maccioli, Rich <rich.maccioli@united.com>
**Cc:** EWR - Resource Planning Team <EWR-ResourcePlanningTeam@united.com>; EWR - RP Leadership <EWR-RPLeadership@united.com>
**Subject:** RE: Mandatory overtime error

4

Shirronda, I am adding in Resource Planning to look to see if your notifications are active and if so, if and when you were notified. Please Standby while they investigate, unless Ramp management has anything to add or concede to your inquiry.

**From:** Stewart, Shirronda <Shirronda.Stewart@united.com>
**Sent:** Wednesday, May 25, 2022 10:43 AM
**To:** EWR - Attendance <EWRAttendance@united.com>; Jean, Alan <alan.jean@united.com>; Maccioli, Rich <rich.maccioli@united.com>
**Cc:** Rosario, Sean <sean.rosario@united.com>
**Subject:** Re: Mandatory overtime error


Hello,

I was also given a IADT for 5/8/22 for mandatory overtime that I was not notified of. Please fix error and have management notify us if we are given mandatory. I'm not sure which manager gave out mandatory for 5/8/22 and 5/18/22.

Thank you,
Shirronda

---

**From:** Stewart, Shirronda <Shirronda.Stewart@united.com>
**Sent:** Wednesday, May 25, 2022 10:26
**To:** EWR - Attendance <EWRAttendance@united.com>; Jean, Alan <alan.jean@united.com>
**Subject:** Fw: Mandatory overtime error

Hello,

I have mandatory overtime in my eta for 5/18 when I was not notified. My shift is 12-1700. Please fix error in eta.

Thank you,
Shirronda Stewart
U247381

---

**From:** EWR - Attendance <EWRAttendance@united.com>
**Sent:** Tuesday, March 8, 2022 16:34
**To:** Stewart, Shirronda <Shirronda.Stewart@united.com>
**Cc:** Maccioli, Rich <rich.maccioli@united.com>; Rosario, Sean <sean.rosario@united.com>
**Subject:** RE: Mandatory overtime error

Thank you for clarifying, Shirronda.
ETA has been updated.

Regards,
Angelic Arias
Sr. Coordinator  - Labor & Dependability
*United Airlines | Newark Liberty International Airport*
P: 973-681-**1442**

5

**From:** Stewart, Shirronda <Shirronda.Stewart@united.com>
**Sent:** Tuesday, March 8, 2022 3:58 PM
**To:** EWR - Attendance <EWRAttendance@united.com>
**Cc:** Maccioli, Rich <rich.maccioli@united.com>; Rosario, Sean <sean.rosario@united.com>
**Subject:** Re: Mandatory overtime error

Good Afternoon,
I spoke with mangers Howard Dunn and Rich Maccioli on 02/22/22 regarding the mandatory overtime list that listed my name for overtime. On the date in question, I was scheduled to work a day trade from 1800-1830 of another agents start of their shift. Both managers agreed that the mandatory overtime was given to me in error and I was released to clock out at 1830. There was three points applied to my attendance to this error.

Thank your for the response. Let me know if you need anymore information for me.
Shirronda Stewart

---

**From:** EWR - Attendance <EWRAttendance@united.com>
**Sent:** Tuesday, March 8, 2022 13:26
**To:** Stewart, Shirronda <Shirronda.Stewart@united.com>
**Cc:** Maccioli, Rich <rich.maccioli@united.com>; Rosario, Sean <sean.rosario@united.com>
**Subject:** RE: Mandatory overtime error

Good afternoon Shirronda,

Mando for 2/22/2022 is still posted on your crewsheet from 1830-2230.
May you please specify what you mean by the mandatory overtime was rectified so that we can further review?

Thanks,
Angelic Arias
Sr. Coordinator  - Labor & Dependability
United Airlines | Newark Liberty International Airport
P: 973-681-**1442**

**From:** Stewart, Shirronda <Shirronda.Stewart@united.com>
**Sent:** Monday, March 7, 2022 12:03 AM
**To:** EWR - Attendance <EWRAttendance@united.com>
**Cc:** Maccioli, Rich <rich.maccioli@united.com>; Rosario, Sean <sean.rosario@united.com>
**Subject:** Mandatory overtime error

Hello Ewr Attendance,

On Feb 22, 2022, I was given mandatory overtime in error. The mandatory overtime was rectified but I still received 3 points(IADT). Please update Attendance points.
Thanks,
Shirronda

6

## EWR - Attendance

| | |
|---|---|
| **From:** | Stewart, Shirronda |
| **Sent:** | Friday, October 7, 2022 10:33 AM |
| **To:** | EWR - Attendance |
| **Subject:** | Fw: Mandatory overtime error |

Hello,

Errors still not correct on attendance.

Thanks,

---

**From:** Alicea, Carmen <carmen.alicea@united.com>
**Sent:** Wednesday, May 25, 2022 18:09
**To:** Rosario, Sean <sean.rosario@united.com>; Stewart, Shirronda <Shirronda.Stewart@united.com>; EWR - Attendance <EWRAttendance@united.com>; Jean, Alan <alan.jean@united.com>; Maccioli, Rich <rich.maccioli@united.com>
**Cc:** EWR - Resource Planning Team <EWR-ResourcePlanningTeam@united.com>; EWR - RP Leadership <EWR-RPLeadership@united.com>
**Subject:** RE: Mandatory overtime error

Sean,

I don't need to pull the list as I can confirm her time card has been updated.

Attendance- will review and adjust points accordingly.

Thanks,
**Carmen Alicea**
Supervisor-Hub Resource Planning
United | Newark Liberty International Airport
Tel 973 681-0660 | Carmen.Alicea@united.com

**From:** Rosario, Sean <sean.rosario@united.com>
**Sent:** Wednesday, May 25, 2022 6:06 PM
**To:** Stewart, Shirronda <Shirronda.Stewart@united.com>; EWR - Attendance <EWRAttendance@united.com>; Jean, Alan <alan.jean@united.com>; Maccioli, Rich <rich.maccioli@united.com>
**Cc:** EWR - Resource Planning Team <EWR-ResourcePlanningTeam@united.com>; EWR - RP Leadership <EWR-RPLeadership@united.com>
**Subject:** RE: Mandatory overtime error

Shirronda, I am adding in Resource Planning to look to see if your notifications are active and if so, if and when you were notified. Please Standby while they investigate, unless Ramp management has anything to add or concede to your inquiry.

**From:** Stewart, Shirronda <Shirronda.Stewart@united.com>
**Sent:** Wednesday, May 25, 2022 10:43 AM
**To:** EWR - Attendance <EWRAttendance@united.com>; Jean, Alan <alan.jean@united.com>; Maccioli, Rich

1

<rich.maccioli@united.com>
**Cc:** Rosario, Sean <sean.rosario@united.com>
**Subject:** Re: Mandatory overtime error

Hello,

I was also given a IADT for 5/8/22 for mandatory overtime that I was not notified of. Please fix error and have management notify us if we are given mandatory. I'm not sure which manager gave out mandatory for 5/8/22 and 5/18/22.

Thank you,
Shirronda

---

**From:** Stewart, Shirronda <Shirronda.Stewart@united.com>
**Sent:** Wednesday, May 25, 2022 10:26
**To:** EWR - Attendance <EWRAttendance@united.com>; Jean, Alan <alan.jean@united.com>
**Subject:** Fw: Mandatory overtime error

Hello,

I have mandatory overtime in my eta for 5/18 when I was not notified. My shift is 12-1700.
Please fix error in eta.

Thank you,
Shirronda Stewart
U247381

---

**From:** EWR - Attendance <EWRAttendance@united.com>
**Sent:** Tuesday, March 8, 2022 16:34
**To:** Stewart, Shirronda <Shirronda.Stewart@united.com>
**Cc:** Maccioli, Rich <rich.maccioli@united.com>; Rosario, Sean <sean.rosario@united.com>
**Subject:** RE: Mandatory overtime error

Thank you for clarifying, Shirronda.
ETA has been updated.

Regards,
Angelic Arias
Sr. Coordinator  - Labor & Dependability
*United Airlines | Newark Liberty International Airport*
P: 973-681-**1442**


**From:** Stewart, Shirronda <Shirronda.Stewart@united.com>
**Sent:** Tuesday, March 8, 2022 3:58 PM
**To:** EWR - Attendance <EWRAttendance@united.com>
**Cc:** Maccioli, Rich <rich.maccioli@united.com>; Rosario, Sean <sean.rosario@united.com>
**Subject:** Re: Mandatory overtime error

2

Good Afternoon,

I spoke with mangers Howard Dunn and Rich Maccioli on 02/22/22 regarding the mandatory overtime list that listed my name for overtime. On the date in question, I was scheduled to work a day trade from 1800-1830 of another agents start of their shift. Both managers agreed that the mandatory overtime was given to me in error and I was released to clock out at 1830. There was three points applied to my attendance to this error.

Thank your for the response. Let me know if you need anymore information for me.
Shirronda Stewart

**From:** EWR - Attendance <EWRAttendance@united.com>
**Sent:** Tuesday, March 8, 2022 13:26
**To:** Stewart, Shirronda <Shirronda.Stewart@united.com>
**Cc:** Maccioli, Rich <rich.maccioli@united.com>; Rosario, Sean <sean.rosario@united.com>
**Subject:** RE: Mandatory overtime error

Good afternoon Shirronda,

Mando for 2/22/2022 is still posted on your crewsheet from 1830-2230.
May you please specify what you mean by the mandatory overtime was rectified so that we can further review?

Thanks,
Angelic Arias
Sr. Coordinator  - Labor & Dependability
United Airlines | Newark Liberty International Airport
P: 973-681-**1442**

**From:** Stewart, Shirronda <Shirronda.Stewart@united.com>
**Sent:** Monday, March 7, 2022 12:03 AM
**To:** EWR - Attendance <EWRAttendance@united.com>
**Cc:** Maccioli, Rich <rich.maccioli@united.com>; Rosario, Sean <sean.rosario@united.com>
**Subject:** Mandatory overtime error

Hello Ewr Attendance,

On Feb 22, 2022, I was given mandatory overtime in error. The mandatory overtime was rectified but I still received 3 points(IADT). Please update Attendance points.
Thanks,
Shirronda

**EWR - Attendance**

| | |
|---|---|
| **From:** | Stewart, Shirronda |
| **Sent:** | Sunday, June 26, 2022 12:42 PM |
| **To:** | Kowalczuk, Hanna; EWR - Attendance |
| **Cc:** | Almeida, Nuno |
| **Subject:** | Re: Mandatory overtime error on 5/8/22 |

Thank you for the quick response

---

**From:** Kowalczuk, Hanna <hanna.kowalczuk@united.com>
**Sent:** Sunday, June 26, 2022 11:40
**To:** Stewart, Shirronda <Shirronda.Stewart@united.com>; EWR - Attendance <EWRAttendance@united.com>
**Cc:** Almeida, Nuno <Nuno.Almeida@united.com>
**Subject:** Re: Mandatory overtime error on 5/8/22

Thank you, Shirronda.

Team,
Please process this.

Thank you
Hanna

---

**From:** Stewart, Shirronda <Shirronda.Stewart@united.com>
**Sent:** Sunday, June 26, 2022 6:44 AM
**To:** Kowalczuk, Hanna <hanna.kowalczuk@united.com>; EWR - Attendance <EWRAttendance@united.com>
**Cc:** Almeida, Nuno <Nuno.Almeida@united.com>
**Subject:** Fw: Mandatory overtime error on 5/8/22

Hi Hanna,

I forwarded the approval of the mandatory overtime error for 5/8/22.

Thanks,
Shirronda

---

**From:** Almeida, Nuno <Nuno.Almeida@united.com>
**Sent:** Monday, June 13, 2022 12:52
**To:** Stewart, Shirronda <Shirronda.Stewart@united.com>; Kowalczuk, Hanna <hanna.kowalczuk@united.com>
**Subject:** RE: Mandatory overtime error

Approve.

Thanks,
Nuno

1

**From:** Stewart, Shirronda <Shirronda.Stewart@united.com>
**Sent:** Monday, June 13, 2022 12:35 PM
**To:** Almeida, Nuno <Nuno.Almeida@united.com>
**Subject:** Fw: Mandatory overtime error

---

**From:** Kowalczuk, Hanna <hanna.kowalczuk@united.com>
**Sent:** Friday, June 10, 2022 17:25
**To:** Stewart, Shirronda <Shirronda.Stewart@united.com>; Alicea, Carmen <carmen.alicea@united.com>; Rosario, Sean <sean.rosario@united.com>; EWR - Attendance <EWRAttendance@united.com>; Jean, Alan <alan.jean@united.com>; Maccioli, Rich <rich.maccioli@united.com>
**Cc:** EWR - Resource Planning Team <EWR-ResourcePlanningTeam@united.com>; EWR - RP Leadership <EWR-RPLeadership@united.com>
**Subject:** RE: Mandatory overtime error

Good Afternoon,

Shirronda,

Eta has not been update hence the reason 05/08 infraction still shows on your attend record.

I do not see validation for the IADT to be removed – please advise who is the approver. Once received we will process accordingly.

Thank you
Hanna Kowalczuk

Employee Daily Activity

| Selection | Summary | Detail | Pay Period |

| Absence | Monthly Schedule |

**Detail Information:**     Stewart,Shirronda(247381) on Sunday 05/08/2022        24hrs: 12:00

⊕ **Previous Day 5/7/2022(Actual)**

⊖ **Current Day 05/08/2022(Actual)**  Planned   Actual   Schedule Adjust   Notes   Punch   Save

| FML | MAPC | Err | Xfr | Type | Start | End | Hours | Hrs Pd | Position | Work Group 1 |
|-----|------|-----|-----|------|-------|-----|-------|--------|----------|--------------|
| N | | | | EE | 11:59 | 12:00 | 00:01 | 00:00 | 355125 | EWR BTW PLANESIDE T |
| N | | | | SW | 12:00 | 17:00 | 05:00 | 05:00 | 355125 | EWR BTW PLANESIDE T |
| N | | | | IADT | 17:00 | 21:00 | 04:00 | 00:00 | 355125 | EWR BTW PLANESIDE T |
| | | | | | | Total: | 09:01 | 05:00 | | |

⊕ **Next Day 5/9/2022(Actual)**

**From:** Stewart, Shirronda <Shirronda.Stewart@united.com>
**Sent:** Friday, June 10, 2022 5:01 PM
**To:** Alicea, Carmen <carmen.alicea@united.com>; Rosario, Sean <sean.rosario@united.com>; EWR - Attendance <EWRAttendance@united.com>; Jean, Alan <alan.jean@united.com>; Maccioli, Rich <rich.maccioli@united.com>

**Cc:** EWR - Resource Planning Team <EWR-ResourcePlanningTeam@united.com>; EWR - RP Leadership <EWR-RPLeadership@united.com>
**Subject:** Re: Mandatory overtime error

Thank you for the quick response!

_____

**From:** Alicea, Carmen <carmen.alicea@united.com>
**Sent:** Friday, June 10, 2022 10:50
**To:** Stewart, Shirronda <Shirronda.Stewart@united.com>; Rosario, Sean <sean.rosario@united.com>; EWR - Attendance <EWRAttendance@united.com>; Jean, Alan <alan.jean@united.com>; Maccioli, Rich <rich.maccioli@united.com>
**Cc:** EWR - Resource Planning Team <EWR-ResourcePlanningTeam@united.com>; EWR - RP Leadership <EWR-RPLeadership@united.com>
**Subject:** RE: Mandatory overtime error

Shirronda,

Attendance will review and adjust accordingly.

Thanks for your patience.

Regards,

**Carmen Alicea**
Supervisor-Hub Resource Planning
United | Newark Liberty International Airport
Tel 973 681-0660 | Carmen.Alicea@united.com

**From:** Stewart, Shirronda <Shirronda.Stewart@united.com>
**Sent:** Friday, June 10, 2022 8:10 AM
**To:** Alicea, Carmen <carmen.alicea@united.com>; Rosario, Sean <sean.rosario@united.com>; EWR - Attendance <EWRAttendance@united.com>; Jean, Alan <alan.jean@united.com>; Maccioli, Rich <rich.maccioli@united.com>
**Cc:** EWR - Resource Planning Team <EWR-ResourcePlanningTeam@united.com>; EWR - RP Leadership <EWR-RPLeadership@united.com>
**Subject:** Re: Mandatory overtime error

Hi Carmen,

Can you check my attendance for 5/8/22 mandatory error? The points haven't been removed yet.

Thanks,
Shirronda

_____

**From:** Alicea, Carmen <carmen.alicea@united.com>
**Sent:** Wednesday, May 25, 2022 18:09
**To:** Rosario, Sean <sean.rosario@united.com>; Stewart, Shirronda <Shirronda.Stewart@united.com>; EWR - Attendance <EWRAttendance@united.com>; Jean, Alan <alan.jean@united.com>; Maccioli, Rich <rich.maccioli@united.com>
**Cc:** EWR - Resource Planning Team <EWR-ResourcePlanningTeam@united.com>; EWR - RP Leadership <EWR-

RPLeadership@united.com>
**Subject:** RE: Mandatory overtime error

Sean,

I don't need to pull the list as I can confirm her time card has been updated.

Attendance- will review and adjust points accordingly.

Thanks,
**Carmen Alicea**
Supervisor-Hub Resource Planning
United | Newark Liberty International Airport
Tel 973 681-0660 | Carmen.Alicea@united.com

**From:** Rosario, Sean <sean.rosario@united.com>
**Sent:** Wednesday, May 25, 2022 6:06 PM
**To:** Stewart, Shirronda <Shirronda.Stewart@united.com>; EWR - Attendance <EWRAttendance@united.com>; Jean, Alan <alan.jean@united.com>; Maccioli, Rich <rich.maccioli@united.com>
**Cc:** EWR - Resource Planning Team <EWR-ResourcePlanningTeam@united.com>; EWR - RP Leadership <EWR-RPLeadership@united.com>
**Subject:** RE: Mandatory overtime error

Shirronda, I am adding in Resource Planning to look to see if your notifications are active and if so, if and when you were notified. Please Standby while they investigate, unless Ramp management has anything to add or concede to your inquiry.

**From:** Stewart, Shirronda <Shirronda.Stewart@united.com>
**Sent:** Wednesday, May 25, 2022 10:43 AM
**To:** EWR - Attendance <EWRAttendance@united.com>; Jean, Alan <alan.jean@united.com>; Maccioli, Rich <rich.maccioli@united.com>
**Cc:** Rosario, Sean <sean.rosario@united.com>
**Subject:** Re: Mandatory overtime error

Hello,

I was also given a IADT for 5/8/22 for mandatory overtime that I was not notified of. Please fix error and have management notify us if we are given mandatory. I'm not sure which manager gave out mandatory for 5/8/22 and 5/18/22.

Thank you,
Shirronda

---

**From:** Stewart, Shirronda <Shirronda.Stewart@united.com>
**Sent:** Wednesday, May 25, 2022 10:26
**To:** EWR - Attendance <EWRAttendance@united.com>; Jean, Alan <alan.jean@united.com>
**Subject:** Fw: Mandatory overtime error

Hello,

I have mandatory overtime in my eta for 5/18 when I was not notified. My shift is 12-1700.

4

Please fix error in eta.

. Thank you,
Shirronda Stewart
U247381

---

**From:** EWR - Attendance <EWRAttendance@united.com>
**Sent:** Tuesday, March 8, 2022 16:34
**To:** Stewart, Shirronda <Shirronda.Stewart@united.com>
**Cc:** Maccioli, Rich <rich.maccioli@united.com>; Rosario, Sean <sean.rosario@united.com>
**Subject:** RE: Mandatory overtime error

Thank you for clarifying, Shirronda.
ETA has been updated.

Regards,
Angelic Arias
Sr. Coordinator  - Labor & Dependability
*United Airlines | Newark Liberty International Airport*
P: 973-681-**1442**

**From:** Stewart, Shirronda <Shirronda.Stewart@united.com>
**Sent:** Tuesday, March 8, 2022 3:58 PM
**To:** EWR - Attendance <EWRAttendance@united.com>
**Cc:** Maccioli, Rich <rich.maccioli@united.com>; Rosario, Sean <sean.rosario@united.com>
**Subject:** Re: Mandatory overtime error

Good Afternoon,
I spoke with mangers Howard Dunn and Rich Maccioli on 02/22/22 regarding the mandatory overtime list that listed my name for overtime. On the date in question, I was scheduled to work a day trade from 1800-1830 of another agents start of their shift. Both managers agreed that the mandatory overtime was given to me in error and I was released to clock out at 1830. There was three points applied to my attendance to this error.

Thank your for the response. Let me know if you need anymore information for me.
Shirronda Stewart

---

**From:** EWR - Attendance <EWRAttendance@united.com>
**Sent:** Tuesday, March 8, 2022 13:26
**To:** Stewart, Shirronda <Shirronda.Stewart@united.com>
**Cc:** Maccioli, Rich <rich.maccioli@united.com>; Rosario, Sean <sean.rosario@united.com>
**Subject:** RE: Mandatory overtime error

Good afternoon Shirronda,

Mando for 2/22/2022 is still posted on your crewsheet from 1830-2230.
May you please specify what you mean by the mandatory overtime was rectified so that we can further review?

Thanks,
Angelic Arias
Sr. Coordinator  - Labor & Dependability
*United Airlines | Newark Liberty International Airport*
P: 973-681-**1442**

**From:** Stewart, Shirronda <Shirronda.Stewart@united.com>
**Sent:** Monday, March 7, 2022 12:03 AM
**To:** EWR - Attendance <EWRAttendance@united.com>
**Cc:** Maccioli, Rich <rich.maccioli@united.com>; Rosario, Sean <sean.rosario@united.com>
**Subject:** Mandatory overtime error

Hello Ewr Attendance,

On Feb 22, 2022, I was given mandatory overtime in error. The mandatory overtime was rectified but I still received 3 points(IADT). Please update Attendance points.
Thanks,
Shirronda

## EWR - Attendance

| | |
|---|---|
| **From:** | Stewart, Shirronda |
| **Sent:** | Wednesday, January 26, 2022 4:58 PM |
| **To:** | EWR - Attendance |
| **Cc:** | Gaito, Travis |
| **Subject:** | Re: Medical RAP document |
| **Attachments:** | Work_letter.pdf |

Hi Hanna,

Sorry I thought the text was included. I attached the medical letter that was requested from ESC to support the need for the schedule change (RAP) which changed to Absence (Non Occupational) due to the late response to the request submitted.

The RAP request was due to a medical issue . They emailed approval of non working days but no explanation of why the other days were not accepted. The dates listed on the medical letter from my physician are from 7/10/21-11/29/21. I'm still waiting for an email from Travis.

Thank you,
Shirronda Stewart

---

**From:** EWR - Attendance <EWRAttendance@united.com>
**Sent:** Wednesday, January 26, 2022 16:26
**To:** Stewart, Shirronda <Shirronda.Stewart@united.com>
**Cc:** Gaito, Travis <travis.gaito@united.com>
**Subject:** RE: Medical RAP document

Good Afternoon,

Shirronda,

Can you please provide details regarding your email.
We received attached document yet we are unsure on how can we assist you.

Thank you
Hanna

**Hanna Kowalczuk**
Supervisor - HUB Dependability

United | Newark Liberty International Airport | Newark, NJ 07114
Tel 973 681 1803 | Cel 862 373 5919 | hanna.kowalczuk@united.com

1

**From:** Stewart, Shirronda <Shirronda.Stewart@united.com>
**Sent:** Wednesday, January 26, 2022 2:25 PM
**To:** EWR - Attendance <EWRAttendance@united.com>
**Subject:** Fw: Medical RAP document

**From:** Stewart, Shirronda <Shirronda.Stewart@united.com>
**Sent:** Monday, January 24, 2022 20:51
**To:** Josey, Will <Will.Josey@united.com>
**Subject:** Fw: Medical RAP document

**From:** Stewart, Shirronda <Shirronda.Stewart@united.com>
**Sent:** Tuesday, January 11, 2022 12:56
**To:** Gaito, Travis <travis.gaito@united.com>
**Subject:** Fw: Medical RAP document

Hi Travis,

I thought I followed up to this email earlier. I attached the medical letter that was requested from ESC to support the need for the schedule change due to medical issue. My shift was am at time. The first conflict was due to my previous RAP.  They emailed approval of non working days but no explanation of why the other days were not accepted. The dates listed on the medical letter from my physician are from 7/10/21-11/29/21.

Thank you,
Shirronda Stewart

**From:** Stewart, Shirronda
**Sent:** Tuesday, December 14, 2021 16:07
**To:** Gaito, Travis <travis.gaito@united.com>
**Subject:** Medical RAP document

| Employee profile from MTB containing contact information | 2023 |
|---|---|

# UNITED ▚ Employee Profile

| Name: | Shirronda Stewart | Middle Name: | L.M. | Preferred Name (Nickname): | No preferred name on file |
|---|---|---|---|---|---|
| Address: | 23 Seaview Ave Jersey City NJ 07305 | Home Phone: | | Personal Email: | |
| | | Personal Cell: | | Date of Birth: | July |
| | | Business Phone: | 973/681-0420 | | |
| | | Business Cell: | No business cell on file | Veteran Status: | |

| | | | | |
|---|---|---|---|---|
| Employee ID / Alter Employee ID: | 247381/M8117 | Employee Status: | Active | |
| Company Address Code: | EWRCG | Company Sen. / Adj. Service Date: | 2007-06-09 | |
| Cost Center: | 7132 EWR - BTW OPERATIONS | Class / Bid Date: | 2007-06-09 | |
| Job Code: | 355125 | Lead Class/Bid: | 2015-09-08 | |
| Job Title: | Lead Ramp Svc Employee | Longevity Seniority Date: | 2007-06-09 | |
| Division: | 62 Airport Operations | Pay Seniority Date: | 2007-06-09 | |
| Reports To: | Hanselmann, Robert | Travel Seniority / Board Date: | 2007-06-09 | |
| Supervisor of Others: | No | Furlough Recall Sen Date: | 2007-05-21 | |
| Cost Center Manager: | No | Vacation Seniority Date: | 2007-06-09 | |
| Level / Step: | 12 | CBA / Craft: | IAMRMP | |
| | | Bid Area: | 400 | |
| Work Type: | Not applicable | | | |

| Attendance Policy Passenger Service, Fleet Services, Storekeepers<br>Attendance Q&A Passenger Service, Fleet Services, Storekeepers | 2023 |
|---|---|



Via FedEx 775182961978

February 14, 2024

Shirronda Stewart
23 Seaview Avenue
Jersey City NJ 07305

Dear Ms. Stewart,

An investigatory review meeting (IRM) was held on February 9, 2023, in the Newark Liberty International Airport Business Office. The purpose of the meeting was to review with you and representatives of the International Association of Machinists and Aerospace Workers ("IAMAW" or "The Union") your proposed termination as a result of your failure to meet the requirements established under United's Attendance Policy for Fleet Service Employees. Those present at the IRM, in addition to you and me, included Assistant Manager HUB Dependability Hanna Kowalczuk who presented on behalf of the Company, and the IAM Union Representative Karl Thomas and Will Josey, who represented you.

The company's investigation revealed the following facts:

A Verbal Warning was issued to you on August 13, 2021, to advise that your points total in accordance with the Company Attendance Policy reached at least three and a half (3.5) points. A Written Warning was issued to you on September 02, 2021, due to your unsatisfactory attendance record and in accordance with the Company's Attendance Policy. Subsequently, a Written Termination Warning was issued to you on October 14, 2021, due to your continued unsatisfactory attendance and in accordance with the Company's Attendance Policy. On that date, you had reached negative two (-2) points remaining point balance.

Since receiving the Termination Warning, you have incurred twenty-two (22) additional points : half (0.5) point deduction for a minor tardy on November 18, 2021; half (0.5) point deduction for a minor tardy on November 23, 2021; one (1.0) point deduction for a minor tardy on November 24, 2021; one (1.0) point deduction for a minor tardy on November 25, 2021;one (1) point deduction for a personal absence on November 29, 2021; one (1) point deduction for a personal absence on December 5, 2021; half (0.5) point deduction for a minor tardy on December 8, 2021; one (1.0) point deduction for a minor tardy on December 14, 2021; one (1.0) point deduction for a minor tardy on December 15, 2021; one (1) point deduction for a personal absence on December 21, 2021; half (0.5) point deduction for a minor tardy on January 3, 2022; half (0.5) point deduction for a minor tardy on January 4, 2022; half (0.5) point deduction for a minor tardy on January 5, 2022; half (0.5) point deduction for a minor tardy on March 1, 2022; one (1) point deduction for a personal absence on April 6, 2022; one (1) point deduction for a personal absence on May 25, 2022; one (1) point deduction for a personal absence on May 29, 2022; one (1) point deduction for a personal absence on June 19, 2022; half (0.5) point deduction for a minor tardy on July 24, 2022; one (1) point deduction for a personal absence on July 28, 2022; half (0.5) point deduction for a minor tardy on September 4, 2022; one (1) point deduction for a personal absence on December 6, 2022, bringing your Dependability Points Bank balance to a negative nineteen and a half (-19.5) points, or Termination level of discipline.

Page 2

| DATE | OCCURRENCE TYPE | POINT DEDUCTION | POINTS LEVEL AFTER DEDUCTION |
|---|---|---|---|
| 2021-04-01 | Personal Absence (Self) (1 Day) | 1.0 | 6.0 |
| 2021-05-22 | Personal Absence (Self) (10 Days) | 1.0 | 5.0 |
| 2021-07-16 | Personal Absence (Reported Late) (Self) (4 Days) | 2.0 | 3.0 |
| 2021-08-09 | Personal Absence (Self) (8 Days) | 1.0 | 2.0 |
| 2021-08-10 | Late (Duration: 1 hour 43 minutes) | 0.5 | 1.5 |
| 2021-08-23 | Personal Absence (Self) (8 Days) | 1.0 | 0.5 |
| 2021-09-01 | Late (Duration: 1 hour 20 minutes) | 0.5 | 0 |
| 2021-09-26 | Personal Absence (Self) (2 Days) | 1.0 | -1.0 |
| 2021-10-07 | Late (Duration: 1 hour 20 minutes) | 0.5 | -1.5 |
| 2021-10-08 | Late (Duration: 20 minutes) | 0.5 | -2.0 |
| 2021-11-18 | Late (Duration: 1 minute) | 0.5 | -2.5 |
| 2021-11-23 | Late (Duration: 5 minutes) | 0.5 | -3.0 |
| 2021-11-24 | Late (Duration: 2 hours 21 minutes) | 1.0 | -4.0 |
| 2021-11-25 | Late (Duration: 2 hours 32 minutes) | 1.0 | -5.0 |
| 2021-11-29 | Personal Absence (Self) (1 Day) | 1.0 | -6.0 |
| 2021-12-05 | Personal Absence (Self) (1 Day) | 1.0 | -7.0 |
| 2021-12-08 | Late (Duration: 1 minute) | 0.5 | -7.5 |
| 2021-12-14 | Late (Duration: 2 hours 14 minutes) | 1.0 | -8.5 |
| 2021-12-15 | Late (Duration: 3 hours 17 minutes) | 1.0 | -9.5 |
| 2021-12-21 | Personal Absence (Self) (2 Days) | 1.0 | -10.5 |
| 2022-01-03 | Late (Duration: 3 minutes) | 0.5 | -11.0 |
| 2022-01-04 | Late (Duration: 2 minutes) | 0.5 | -11.5 |
| 2022-01-05 | Late (Duration: 2 minutes) | 0.5 | -12.0 |
| 2022-03-01 | Late (Duration: 6 minutes) | 0.5 | -12.5 |
| 2022-04-06 | Personal Absence (Self) (1 Day) | 1.0 | -13.5 |
| 2022-05-25 | Personal Absence (Self) (2 Days) | 1.0 | -14.5 |
| 2022-05-29 | Personal Absence (Self) (2 Days) | 1.0 | -15.5 |
| 2022-06-19 | Personal Absence (Self) (1 Day) | 1.0 | -16.5 |
| 2022-07-24 | Late (Duration: 1 hour 28 minutes) | 0.5 | -17.0 |
| 2022-07-28 | Personal Absence (Self) (1 Day) | 1.0 | -18.0 |
| 2022-09-04 | Late (Duration: 51 minutes) | 0.5 | -18.5 |
| 2022-12-06 | Personal Absence (Self) (3 Days) | 1.0 | -19.5 |

During the IRM, the Union asked that the Company return you to work and issue you a Termination Warning in consideration for your fifteen years of service.

Speaking on your behalf, you stated that you were experiencing a medical condition that impacted your attendance. You stated that you submitted medical documentation supporting your need for an accommodation between July 10, 2021 and November 29, 2021, and that, as a result, those points should be excused.

In response, I note that, on June 11, 2021, you submitted documentation to the ESC clearing you to work "without work restrictions", effective June 9, 2021. You did not submit anything indicating that you had

Page 3

restrictions or begin the process to request a reasonable accommodation until September 29, 2021. Thus, any accommodation could not possibly have excused any absences prior to that date.

Although that documentation was incomplete and insufficient to engage in the RAP process, eventually, on or about November 24, 2021, you submitted paperwork that included restrictions prohibiting you from working between the hours of 0400 and 0800 until November 29, 2021. By the time United could engage with you in the RAP process regarding those restrictions, your restrictions had already expired and you were able to work without restrictions.

Even if United were to waive the five points you incurred between September 29, 2021 (the date you initiated the RAP process) and November 29, 2021 (the date your doctor cleared you to work without restrictions), you would still be at -14.5 points. In fact, even if United were to waive all of the points you incurred prior to November 30, 2021 (the date your doctor cleared you to work without restrictions), you would still be at -6 points, warranting termination pursuant to the attendance policy.

The facts of this case demonstrate your failure to comply with important United policies, specifically United's Attendance Policy for Fleet Service Employees. Additionally, you failed to comply with United's Working Together Guidelines and Expectations with respect to Working Dependably which provides:

"Do whatever you can to make regular, predictable attendance part of your role. An irregular, unpredictable attendance level gets in the way of your job performance and our overall success. If your attendance level becomes unacceptable, your supervisor will discuss expectations and potential consequences for failing to reach and keep an acceptable level of dependable attendance.

As described above, your failure to meet these expectations warrants the termination of your employment. Accordingly, after considering all the facts, as well as your length of service and work record, I have decided to terminate your employment, effective immediately.

Please return all items of Company property in your possession at your earliest convenience. Be advised that you are not eligible for rehire or for any form of pass travel, including travel as the spouse, partner, travel companion, child, parent, or buddy pass rider of an employee or retiree.

Sincerely,

*Annette Gadson*

Annette Gadson
Manager Customer Service

cc:     Jana Washington - Director- Ramp Operations
        Maritza Villafane -HR Bus Partner
        Karl Thomas - IAM Committee



VIA FEDEX (7718 9486 6014)

February 5, 2025

Shirronda Stewart
23 Seaview Ave.
Jersey City, NJ 07305

Mitch Buckley
mbuckley@iam141.org

Grievance Number B177078
Grievant Employee ID u247381

Dear Ms. Stewart:

On September 11, 2024, a Third Step meeting in the grievance process took place at the Business Office
Conference Room at Newark International Airport. The purpose of the meeting was to allow
representatives of the Company and the Union to discuss the circumstances leading to the grievance and
review the decision to terminate your employment which was rendered following the Investigative
Review Meeting ("IRM") held on February 14, 2024. Present in the meeting were Assistant General
Chairperson ("AGC") Mitch Buckley, representing you and the International Association of Machinists
and Aerospace Workers ("IAMAW" or the "Union"), you, and me.

The facts discussed in the meeting included an evaluation of your dependability. You received a
Termination Warning on October 14, 2021, due to your poor dependability and your Dependability Points
Bank decreasing to negative two (-2) point. Since receiving the Termination Warning, you incurred
additional attendance infractions, bringing your Dependability Points Bank balance to a negative nineteen
and a half (-19.5) points, or Termination level of discipline.

Considerations brought forward in the discussion by the AGC on your behalf included the contention that
the Company did not adhere to the Collective Bargaining Agreement (CBA) by failing to remove your
disciplinary record after 15 months of active service. This is in reference to the Termination Warning you
received on October 14, 2021, which should have been considered invalid prior to the IRM, as the
warning period had lapsed.

When speaking on your own behalf, you expressed that you were under stress because of your medical
condition and the Company's alleged failure to address your request for accommodation. You submitted
the same documentation, including emails and a COVID result, that you had previously presented at the
IRM. You highlighted that there had been no communication regarding your status for an entire year. You
claimed that your medical condition has been resolved and you are prepared to resume your duties at
work.

Following the Third Step meeting, I conducted further research regarding the multiple issues that the
AGC raised related to your termination. My research determined and confirmed you failed to maintain an
acceptable level of attendance. You received a Termination Warning under the Company's Attendance

A STAR ALLIANCE MEMBER

Policy on September 23, 2021, and you quickly incurred additional attendance infractions such as tardiness and personal absence resulting in your Dependability Points Bank reaching to -19.5 points.

Even if United waived the attendance occurrences accumulated from April 01, 2021, to January 05, 2022, your point level would stand at negative half a point (-.5), which is still below the level of termination under the Attendance Policy.

After carefully reviewing all the information presented to me during the Third Step review, I have determined that the facts relied upon to terminate your employment have been substantiated. Accordingly, the decision to terminate your employment was fair and appropriate.

Therefore, this grievance is respectfully denied.


Sincerely,

*Eva Castillo*

Eva Castillo
Human Resource Business Partner
United Airlines


Cc: HR Partner - Maritza Villafane
    IAM AGC – Mitch Buckley
    IAM District Lodge
    Location Manager - Jana Washington
    Labor Relations